UNITED STATES of America, Appellee,

v.

Gerald LeMarr FRYE, Appellant.

No. 77–1495.

United States Court of Appeals,
Eighth Circuit.

Submitted Dec. 13, 1977.

Decided Dec. 19, 1977.

Gerald Lemarr Frye, pro se.

James R. Rosenbaum (former U. S. Atty.), and John M. Fitzgibbons, Asst. U. S. Atty., Des Moines, Iowa, for appellee.

Before BRIGHT, STEPHENSON and HENLEY, Circuit Judges.

PER CURIAM.

This case involves the issue of whether the requirements of the Interstate Agreement on Detainers Act[1] are applicable to persons whose federal custody was obtained by means of a writ of habeas corpus ad prosequendum. 28 U.S.C. § 2241(c)(5).

A writ of habeas corpus ad prosequendum was issued effecting the transfer of appellant Frye from a Massachusetts state penitentiary to Iowa for trial in federal district court on an indictment. As soon as the writ was received by Massachusetts authorities Frye was transferred to Iowa. Frye did not object to the transfer prior to trial. He was found guilty and his conviction affirmed in *United States v. Frye*, 548 F.2d 765 (8th Cir. 1977). He has now brought this action pursuant to 28 U.S.C. § 2255 alleging solely that his indictment, thus his conviction, was void because the immediate transfer from state to federal custody violated Article IV of the Interstate Agreement on Detainers Act, *supra*, which provides:

> That there shall be a period of thirty days after receipt by the appropriate authorities before the request be honored, within which period the Governor of the sending State may disapprove the request for temporary custody or availability, either upon his own motion or upon motion of the prisoner.

The district court found that regardless of whether a writ of habeas corpus ad prosequendum invokes the provisions of the Interstate Agreement on Detainers Act, Frye waived any objection when he failed to make a pretrial motion pursuant to Fed. R.Crim.P. 12 objecting to the transfer and seeking invalidation of the indictment.

We need not decide whether Frye waived his right to raise these issues, nor need we decide whether these issues are cognizable in a 28 U.S.C. § 2255 action because in *United States v. Harris*, 566 F.2d 610 (8th Cir. 1977), we held that the requirements of

1. 18 U.S.C.App., Pub.L.No.91–538, §§ 1–8, 84 Stat. 1397–1403 (1970), *reprinted in* 18 U.S.C. A.App. at 126 (1977 Supp.).

the Interstate Agreement on Detainers Act, *supra*, are *not* applicable to persons whose federal custody was obtained by means of a writ of habeas corpus ad prosequendum.

We are aware that the circuits are not in agreement on this issue,[2] however, it is our view that Congress did not intend by adoption of the Interstate Agreement on Detainers Act to repeal or modify the provisions of 28 U.S.C. § 2241(c)(5) authorizing the production of prisoners to testify or for trial. "[T]he traditional means of producing prisoners by court order lacks the potential for abuse that state administrative detainers present and the Agreement was designed to meet." *United States v. Harris, supra*, 566 F.2d at 614.

Because Frye's transfer was effected by use of a writ of habeas corpus ad prosequendum the provisions of the Interstate Agreement on Detainers Act are not applicable to him. His petition was properly denied.

Affirmed.

---

**2.** The Sixth, First, and Fifth Circuits have held that the filing of a writ of habeas corpus ad prosequendum does not constitute a detainer. *See Ridgeway v. United States*, 558 F.2d 357 (6th Cir. 1977); *United States v. Kenaan*, 557 F.2d 912 (1st Cir. 1977); *United States v. Scallion*, 548 F.2d 1168 (5th Cir. 1977). The Third and Second Circuits have held that a writ of habeas corpus ad prosequendum is a detainer. *See United States v. Sorrell*, 562 F.2d 227 (3d Cir. 1977) (en banc); *United States v. Thompson*, 562 F.2d 232 (3d Cir. 1977) (en banc); *United States v. Mauro*, 544 F.2d 588 (2d Cir. 1976), *cert. granted*, —— U.S. ——, 98 S.Ct. 53, 54 L.Ed.2d 71 (1977). *But cf. United States v. Chico*, 558 F.2d 1047 (2d Cir. 1977).