**UNITED STATES of America, Plaintiff,**

v.

**Charles Leroy WOODS, Defendant.**

**Crim. No. 78–45.**

United States District Court,
E. D. Kentucky.

Jan. 29, 1979.

Patrick H. Molloy, U.S. Atty., C. Cleveland Gambill, Asst. U.S. Atty., Lexington, Ky., for the United States.

Kurt A. Phillips, Spalding, Grause, Robinson & Arnzen, Covington, Ky., for defendant Woods.

## MEMORANDUM OPINION

SILER, District Judge.

This matter is now pending on a motion to dismiss the indictment filed by the defendant, Charles Leroy Woods, for failure on the part of the United States to follow the Interstate Agreement on Detainers Act, 18 U.S.C.App. (Supp.1978) (hereinafter "Agreement"). The facts are simple and not in dispute.

The defendant has been incarcerated on a state charge since March 8, 1978, at the Kentucky State Reformatory in LaGrange, which is in the Western District of Kentucky. On March 9, 1978, a federal detainer was lodged there against the defendant by the United States Marshal for the Western District of Kentucky on some charge that is not shown on the record, but was not from this district nor did it have any relationship to the charge in this case. Subsequently, on November 16, 1978, the defendant was indicted in this case, no complaint on the charge having been filed against him prior to that time. After indictment of Woods, no warrant was issued for his arrest, but on the same date of the return of the indictment, a writ of habeas corpus *ad prosequendum* was issued for the production of Woods on December 13, 1978. On that date, he was produced in court for arraignment, trial was set for January 30, 1979, and he was thereafter returned to the Kentucky State Reformatory on December 15, 1978.

■ The issue here is whether the filing of a detainer by the United States for a separate charge in another judicial district amounts to the filing of a detainer so as to trigger the requirements of the Agreement. When a particular federal court files a detainer against a state prisoner, it is bound to keep him and try him within 120 days after the arrival in the jurisdiction. If trial is not effected before the return of the prisoner to state custody, then the charge shall be dismissed. See *United States v. Mauro,* 436 U.S. 340, 98 S.Ct. 1834, 56 L.Ed.2d 329 (1978). It is not disputed that the issuance of the writ does not act as a detainer here. *Id.; Ridgeway v. United States,* 558 F.2d 357 (6th Cir. 1977), *cert. denied,* 436 U.S. 946, 98 S.Ct. 2850, 56 L.Ed.2d 788 (1978).

■ The purpose of this Agreement is to facilitate the disposition of charges in one jurisdiction when the accused is incarcerated in another jurisdiction. *Stroble v. Anderson,* 587 F.2d 830 (6th Cir. 1978). However, the purpose of the sanctions against the receiving state (here, the United States) is to assure that it follows up on its filing of a detainer within a specified time so the detainer does not cause the prisoner to be unduly hampered in his rights and privileges. See *Ridgeway v. United States, supra* at 361. Thus, once the receiving state files this detainer, it must "put up or shut up," to use a cliché; that is, it must follow up with prosecution within 180 days after the detained prisoner has notified the jurisdiction of his request for a final disposition of the charges or suffer the consequences of having the charge dismissed and the detainer lifted. Agreement, Art. III(a).

Against that background, we have here the Western District of Kentucky filing a detainer on a separate charge from the one at bar. The remedy for that detainer is in the Agreement: it must prosecute the defendant within 180 days from the date the prisoner gave notice. No notice was given here to any authorities, so that is not an issue here. Nor is there the problem of trying the defendant within a period of 120 days from the date he was brought into this jurisdiction, as he was to be tried on January 30, 1979, now continued until March 26, 1979, both well within the time period.

Dictum in *United States v. Mauro,* 436 U.S. at 361–62, 98 S.Ct. at 1848, indicates:

Once the Federal Government lodges a detainer against a prisoner with state prison officials, the Agreement by its express terms becomes applicable and the United States must comply with its provisions.

If one were to follow that literally, this Court would be bound to dismiss this indictment. However, the Supreme Court did not intend for a detainer by one district to bind another district under the Agreement. Under Article IV(a) of the Agreement:

> The *appropriate officer of the jurisdiction* in which an untried indictment, information, or complaint is pending shall be entitled to have a prisoner against whom he has lodged a detainer and who is serving a term of imprisonment in any party State made available in accordance with article V(a) hereof . . . . (Emphasis added.)

Thus, it is seen that the Agreement speaks in terms of a specific officer in the jurisdiction where the charge is pending. Although the United States Attorney is an agent of the United States Government, he has no authority in another district. See 28 U.S.C. § 547 (1968). Therefore, unless the United States Attorney for the Eastern District of Kentucky, or someone authorized to act in his behalf, has caused the detainer to be filed here, he is not this "appropriate officer" contemplated under the Agreement.

 This intent of the Supreme Court's decision in *United States v. Mauro, supra,* is implied in other language found therein. For instance, it speaks in terms of a prisoner's request under Article III as calling for the "final disposition of all untried charges underlying detainers filed against him by that State . . . ." *Id.* 436 U.S. at 351, 98 S.Ct. at 1842. Moreover, it speaks of Article IV being the "means by which a prosecutor who has lodged a detainer against a prisoner in another State can secure the prisoner's presence for disposition of the outstanding charges." *Id.* Then it continues to say that *the prosecutor* under Article IV(a) can have the prisoner made available. Thus, it is the interpretation of the supreme Court that "appropriate officer" under Article IV indicates the prosecutor. In the case at bar, that is the United States Attorney for the Eastern District of Kentucky, who has never caused the filing of a detainer against this defendant.

 In conclusion, the filing of a detainer by the United State Marshal for the Western District of Kentucky for a charge not associated in any way with the present charge does not act to trigger the requirements of the Agreement. Therefore, the motion to dismiss will be overruled by a separate order.