In re JONES & LAMSON MACHINE CO., INC., Debtor.

UNITED STEELWORKERS OF AMERICA, AFL–CIO; Herbert E. Schlander, John R. Bly and Robert Cook, individually and as representatives of retired persons formerly employed by Jones & Lamson Machine Co. at its Cheshire, Connecticut Plant, Plaintiffs,

v.

JONES & LAMSON MACHINE CO., INC. and Textron, Inc., Defendants.

Bankruptcy No. 5–86–00762.
Adv. No. 5–87–0041.

United States Bankruptcy Court,
D. Connecticut.

June 30, 1987.

Warren H. Pyle, Angoff, Goldman, Manning, Pyle, Wanger, & Hiatt, Boston, Mass., for plaintiffs.

Warren R. Graham, Roy Babitt, Anderson, Russell, Kill & Olick, New York City, Craig I. Lifland, Zeisler & Zeisler, P.C., Bridgeport, Conn., for defendant, Jones & Lamson Mach. Co., Inc.

Robert Dombroff, Schatz & Schatz, Ribicoff & Kotkin, Hartford, Conn., for defendant, Textron, Inc.

Scott Harbottle, Dept. of Justice, Civil Div., Commercial Litigation Branch, Washington, D.C., for U.S.

MEMORANDUM OF DECISION ON DEBTOR'S MOTION TO DISMISS COMPLAINT UNDER PUB.L. 99–656 § 2 AND PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF

ALAN H.W. SHIFF, Bankruptcy Judge.

I

The Chapter 11 debtor/defendant, Jones & Lamson Machine Co., Inc., moved for dismissal of the amended complaint in the above-captioned adversary proceeding under Rules 12(b)(6) and 56 of the Federal Rules of Civil Procedure made applicable here under Bankruptcy Rules 7012(b) and 7056. Thereafter, the plaintiffs moved for injunctive relief pursuant to F.R.Civ.P. 65

and Bankr.R. 7065 to require the debtor to pay benefits to retired persons formerly in its employ. Although the debtor's motion to dismiss relies upon both Rules 12(b)(6) and 56, this decision is based in part on findings derived from the concession of the parties at the May 20, 1987 hearing. Therefore, in accordance with Rule 12(b)(6), I will treat this motion as one for summary judgment under Rule 56.

The plaintiffs' amended complaint asserts the Amendment to the Declaration of Taking Act, Pub.L. No. 99–656, Section 2 and the virtually identical provisions of Pub.L. No. 99–591, § 101(b), Title VI, Section 608 (collectively "Section 2") as the bases for a declaratory judgment compelling the debtor to pay health and life insurance benefits to retired persons formerly employed at its Cheshire, Connecticut plant in compliance with the terms of the employee benefit plans in effect on November 10, 1986 when the debtor filed its petition in this court. The plaintiffs allege that the debtor purchased the Cheshire plant from co-defendant Textron, Inc. on or about May 24, 1985. Under the terms of the purchase and sale agreement, the debtor was required to assume and pay all of Textron's obligations to its past and future retirees with respect to health, hospital, life insurance, and pension benefits as provided in the collective bargaining agreement between the plaintiff Union and Textron, covering the period from September, 1982 through August, 1985. The Union and the debtor thereafter entered into two collective bargaining agreements providing similar benefits to retirees from September 1, 1985 through August 31, 1986, and from Septgember 1, 1986 through August 31, 1987. Since July, 1986, the debtor has failed to provide the retiree benefits as set forth in those agreements.

## II

The narrow issue here is whether the plaintiffs are entitled to a declaratory judg-ment which would in effect avoid Textron's liens to the extent necessary to comply with Section 2 which provides in relevant part:

(a) *Notwithstanding any other provision of chapter 11 of title 11, United States Code,* the bankruptcy trustee in each case described in subsection (b) shall pay benefits until May 15, 1987, to retired former employees under a plan, fund, or program maintained or established by the debtor in such case prior to filing a petition (through the purchase of insurance or otherwise) for the purpose of providing medical, surgical, or hospital care benefits, or benefits in the event of sickness, accident, disability, or death.

(b) This section is effective with respect to—

(1) cases commenced under chapter 11 of title 11, United States Code, in which a plan for reorganization has not been confirmed by the court and in which any such benefit is still being paid on October 2, 1986;

(2) in cases under which an order for relief is entered under chapter 11 of title 11, United States Code, after October 2, 1986, while such case is a case under chapter 11. (emphasis added)

The plaintiffs contend that Section 2 requires the debtor[1] to make payments notwithstanding any Bankruptcy Code restrictions on the debtor's use of estate property to the contrary. Specifically, the plaintiffs seek the payment of benefits "if necessary, from property of the Debtor subject to a security interest in favor of Textron, Inc. or other secured creditors." (Amended Complaint at 11). It was established at the hearing on these motions that the debtor has no property that is not encumbered by a Textron lien. (Tr. at 8, 50). Thus, it is conceded that if payment is to be made by the debtor, as demanded in the amended

---

**1.** 11 U.S.C. § 1107 provides in pertinent part that:

a debtor in possession shall have all the rights, ... and powers, and shall perform all the functions and duties, ... of a trustee serving in a case under this chapter.

complaint and motion for injunctive relief, it will have to come from collateral securing the debt owed to Textron.

### III

Well established rules of statutory construction provide that:

> [I]t should be generally assumed that Congress expresses its purposes through the ordinary meaning of the words it uses, ... [and] "absent a clearly expressed legislative intention to the contrary, [statutory] language must ordinarily be regarded as conclusive."

*Escondido Mutual Water Co. v. La Jolla Band of Mission Indians,* 466 U.S. 765, 772, 104 S.Ct. 2105, 2110, 80 L.Ed.2d 753 (1984), *citing North Dakota v. United States,* 460 U.S. 300, 312, 103 S.Ct. 1095, 1102, 75 L.Ed.2d 77 (1983), (*quoting Consumer Product Safety Comm'n v. GTE Sylvania, Inc.,* 447 U.S. 102, 108, 100 S.Ct. 2051, 2056, 64 L.Ed.2d 766 (1980)). The relief sought by the plaintiffs requires an interpretation that Section 2 implicitly modifies portions of the Bankruptcy Code other than chapter 11. But:

> Where Congress has enacted legislation on a particular subject, ... subsequent legislation will not be construed to modify, repeal or supplant the legislation, particularly where both statutes serve distinct purposes. Rather, the courts will reconcile the earlier statute and the later legislation if possible.

*Ridgeway v. United States,* 558 F.2d 357, 362 (6th Cir.1977), *citing Rosencrans v. United States,* 165 U.S. 257, 17 S.Ct. 302, 41 L.Ed. 708 (1897) and *McCool v. Smith,* 66 U.S. (1 Black) 459, 17 L.Ed. 218 (1891); *cf. Kelly v. Robinson,* — U.S ——, 107 S.Ct. 353, 359, 93 L.Ed.2d 216 (1986) (Congressional intent to change the interpretation of a judicially created concept will be explicitly expressed.).

■ The clear language of Section 2 directs a trustee to pay benefits "[n]otwithstanding any other provision of chapter 11 ..." of the Bankruptcy Code. Although Code § 103(a) states that "chapters 1, 3, and 5 of this title apply in a case under chapters 7, 11, or 13 of this title", that is not the equivalent of making the provisions of those earlier chapters provisions in chapters 7, 11, or 13. Moreover, although the issue here does not involve the confirmation of a plan, it is observed that even though a plan might arguably be confirmed in compliance with Section 2, notwithstanding its failure to comply "with applicable provisions of ... title [11]", *see* 11 U.S.C. § 1129(a)(2), Section 2 should not be read to indirectly repeal state and federal law which would otherwise provide for or permit the enforceability of valid and perfected liens. A different reading might inhibit the ability of debtors to attract post-petition lenders and frustrate their efforts to reorganize. If Congress intended Section 2 to eliminate the restrictions on lien avoidance imposed on trustees or debtors in possession by chapters 3 and 5, *see* 11 U.S.C. §§ 363(c)(2), 363(e), and 506(c), it would have made that intent specific by express language. Section 2 is therefore construed to avoid modification of the Bankruptcy Code by implication and eliminate conflict between that legislation and chapters 3 and 5.

### IV

■ I find that the debtor has sustained the burden of proving the absence of any material factual issue generally in dispute. *See Heyman v. Commerce and Industry Insurance Co.,* 524 F.2d 1317, 1319-20 (2d Cir.1975). There are no unencumbered assets of the debtor, and the debtor has no means of providing Textron with adequate protection as required by § 363(e). Therefore, in the context of this proceeding, the debtor may not invade Textron's collateral.

I accordingly conclude that summary judgment should enter in favor of the debtor, granting its motion to dismiss the plaintiffs' amended complaint, and that the plaintiffs' motion for injunctive relief should be denied.