863 F.2d 884
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Maurice Bernard MOORE, Defendant-Appellant.
 No. 88-3335.
 United States Court of Appeals, Sixth Circuit.
 Dec. 9, 1988.
 
 Before KEITH, KENNEDY and MILBURN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Defendant-appellant Maurice Moore appeals his convictions upon guilty plea for conspiring to engage in the shipping and transporting of stolen firearms in interstate commerce and for the possession of unregistered firearms. The issue on appeal is whether the government failed to comply with the Interstate Agreement on Detainers Act, 18 U.S.C.App. III ("IAD" or "the Act").
 
 
 2
 Moore and two codefendants were indicted in the Northern District of Ohio on August 25, 1987, in a seven-count indictment charging him and his codefendants with various firearms offenses. The charges arose out of the burglary of a firearms dealer located near Youngstown, Ohio, and the subsequent transportation of the stolen firearms to Maryland and Washington, D.C. Moore's involvement in the burglary was discovered following his arrest in Salina, Kansas, on January 31, 1986, for aggravated battery on a police officer involving the use of one of the stolen weapons. He was convicted upon a guilty plea on the state charge on February 13, 1986, and was given a thirty-year-to-life sentence on March 26, 1986. Moore was interviewed on March 6, 1986, by federal agents and gave a full confession to the burglary in Ohio.
 
 
 3
 At the time of Moore's sentencing in Kansas, federal authorities in the District of Columbia had lodged a detainer based on a complaint charging Moore with interstate transportation of stolen firearms. There is nothing in the record to suggest that these charges were in any way related to the burglary in Ohio. On March 23, 1986, the United States Attorney's office in the District of Columbia received a letter from Moore's counsel in Kansas requesting speedy trial on the charges in that district. Moore was never tried on those charges, however, and the warrant and detainer were canceled on April 3, 1987.
 
 
 4
 Moore was transported to the United States District Court in the Northern District of Ohio for arraignment and other court proceedings on September 15, 1987. After originally pleading not guilty, he filed a motion to dismiss the indictment pursuant to Rule 12(b)(2) of the Federal Rules of Criminal Procedure, contending that the indictment had been obtained in violation of the IAD. The motion was denied by the district court, without opinion, on November 11, 1987.
 
 
 5
 Moore later withdrew his not guilty plea and entered a plea of guilty pursuant to Rule 11(a)(2) on two counts of the indictment on November 23, 1987. On April 8, 1988, the district court sentenced Moore on the two counts and dismissed the other counts. A judgment and conviction order was entered on April 13, 1988, and Moore filed a timely notice of appeal.
 
 
 6
 Moore initially contends that the detainer lodged by federal authorities in the District of Columbia invoked the protections of the IAD with regard to the charges in the Northern District of Ohio because of the similarity of the two offenses. However, in United States v. Woods, 621 F.2d 844 (6th Cir.), cert. denied, 449 U.S. 877 (1980), we held that a detainer lodged by one federal judicial district was not sufficient to trigger operation of the IAD with respect to prosecution in another federal district. Thus, the fact that a detainer was lodged by federal authorities in the District of Columbia did not require federal authorities in the Northern District of Ohio to comply with the provisions of the Act.
 
 
 7
 Although he concedes that no traditional detainer was filed by federal authorities in Ohio, Moore contends that the federal agents' taking of his statement and confession constituted a detainer. However, in Ridgeway v. United States, 558 F.2d 357 (6th Cir.1977), cert. denied, 436 U.S. 946 (1978), we held that "[a] detainer is simply a notice to prison authorities that charges are pending against an inmate elsewhere, requesting the custodian to notify the sender before releasing the inmate." Id. at 360. In our view, interviewing an individual suspected of committing a crime does not, standing alone, notify prison authorities that charges are pending. Accordingly, the judgment of the district court is AFFIRMED.