**Dean A. BOETTCHER, Petitioner–Appellant,**

v.

**James E. DOYLE, Respondent–Appellee.**

**No. 03–4001.**

United States Court of Appeals, Seventh Circuit.

---

Submitted July 20, 2004.*

Decided July 20, 2004.

Rehearing and Rehearing En Banc Denied Aug. 18, 2004.

Dean A. Boettcher, Sheridan, OR, Petitioner–Appellant Pro se.

Peggy A. Lautenschlager, Office of the Attorney General, Wisconsin Department of Justice, Madison, WI, for Respondent–Appellee.

Before BAUER, POSNER, and RIPPLE, Circuit Judges.

## ORDER

Dean Boettcher is serving a federal sentence at a federal correctional facility in Oregon, and faces state charges pending in Wisconsin. He filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 seeking dismissal of the state charges because, he contends, Wisconsin has failed to try him within the 180–day limit established by the Interstate Agreement on Detainers, 18 U.S.C. app. 2, § 2. The district court dismissed Boettcher's petition, and we affirm.

In January 2001 Boettcher was charged in Wisconsin state court with violating the terms of his work release program by failing to show up. A few months later Boettcher was arrested in the State of Washington on federal charges of bank fraud and possession of a firearm by a felon, for which he was eventually convicted and sentenced to 46 months' imprisonment. In the meantime, prosecutors in Wisconsin filed another state charge against him, this time for nonpayment of child support.

While Boettcher was serving his federal sentence in Oregon, a district attorney in Wisconsin wrote to the Oregon prison advising the prison that Boettcher faced state charges and requesting 90 days' notice before Boettcher's release from federal custody. At about the same time, Boettcher filed the first of several motions in Wisconsin state court requesting either a trial on the pending state charges or that the charges be dismissed. His motions were all denied—there is no record that he appealed, and he has not asserted that he did.

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

In his § 2241 petition, Boettcher contends that Wisconsin failed to try him on the pending state charges within 180 days of his request in violation of the Interstate Agreement on Detainers. *See* 18 U.S.C. app. 2, § 2, art. III(a). The district court dismissed his petition because he had not exhausted this claim through the state courts.

Under the Interstate Agreement on Detainers, when one jurisdiction lodges a detainer against a prisoner held in another jurisdiction, the prisoner is generally entitled to a trial in the jurisdiction that lodged the detainer within 180 days of making his request. *Id.; United States v. Ross,* 243 F.3d 375, 376 (7th Cir.2001). The IAD, to which the United States and Wisconsin are parties, is federal law, and violations of federal law are potentially within federal courts' habeas jurisdiction. *See Reed v. Farley,* 512 U.S. 339, 348–49, 114 S.Ct. 2291, 129 L.Ed.2d 277 (1994)(habeas corpus review is available to remedy violations of federal law if the asserted error is a "fundamental defect" resulting in a "miscarriage of justice").

We note initially that it is not clear whether the IAD even applies to Boettcher's claim because it is not clear whether Wisconsin lodged a detainer against him. The IAD does not define the word "detainer" nor set forth any required format, and courts have generally construed it to mean simply an informal " 'notification filed with the institution in which a prisoner is serving a sentence, advising that he is wanted to face pending criminal charges in another jurisdiction.' " *United States v. Trammel,* 813 F.2d 946, 948 (7th Cir.1987) (citing House and Senate reports accompanying Congress' adoption of the IAD); *see also Carchman v. Nash,* 473 U.S. 716, 719, 105 S.Ct. 3401, 87 L.Ed.2d 516 (1985); *Ridgeway v. United States,* 558 F.2d 357, 360–61 (6th Cir.1977); *United States ex rel. Esola v. Groomes,* 520 F.2d 830, 838 (3d Cir.1975). Although the district attorney's letter to the Oregon prison seems to fall within the definition, the letter denied that it was a detainer, and the district court concluded that it was not. *See* Memorandum & Order at 2 (Oct. 31, 2003).

But we need not address that issue because even if the district attorney did lodge a "detainer" by sending his letter to federal authorities, the district court correctly dismissed Boettcher's petition for failure to exhaust. Boettcher argues that the decision was wrong for two reasons. First, he argues that under § 2241 he was not required to exhaust his state remedies. While it is true that, unlike § 2254, § 2241 does not itself require exhaustion, federal courts may nevertheless require it as a matter of comity. *See United States v. Castor,* 937 F.2d 293, 296–97 (7th Cir. 1991); *Echevarria v. Bell,* 579 F.2d at 1022, 1025 (7th Cir.1978). Second, Boettcher argues that he exhausted his state remedies by filing motions under the IAD asking the trial court to try him within 180 days. But exhaustion required Boettcher to pursue every available appeal. *See O'Sullivan v. Boerckel,* 526 U.S. 838, 845, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999). He asserts only that he filed motions with the state trial court, not that he ever appealed the court's denials of his motions. He therefore failed to exhaust his state remedies. *See id.*

Accordingly, we AFFIRM the judgment of the district court.