STATE OF NORTH CAROLINA v. WILLIAM LEE DUNLAP

No. 8126SC1114

(Filed 4 May 1982)

Criminal Law § 91— speedy trial—Interstate Agreement on Detainers—inapplicable

    Where defendant was indicted for murder while he was incarcerated in New York but was released from his prison in New York before the expiration of 180 days after his written notice of request for disposition of the murder charge, the Interstate Agreement on Detainers no longer governed defendant's right to a speedy trial, and upon his release, defendant's right to a speedy trial was fully protected under the provisions of the Speedy Trial Act. G.S. 15A-761 to -767, G.S. 15A-701 to -704.

APPEAL by defendant from *Gaines, Judge.* Judgment entered 17 February 1981 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 5 April 1982.

This appeal is argued upon the following facts:

1. 11 October 1977—A warrant was issued for defendant's arrest, charging him with the murder of Eugene Johnson. Authorities were unable to locate the defendant in North Carolina. He was eventually located at the Fishkill Correctional Facility in Beacon, New York, where he was serving a four-year sentence for a crime committed in that state.

2. 9 May 1980—By letter addressed to the warden of Fishkill, a detainer was lodged against the defendant. Pursuant to

N.C.G.S. 15A-761 to -767, Interstate Agreement on Detainers, a notice of untried indictment, information or complaint and of right to request disposition was forwarded to the defendant through the acting superintendent of Fishkill.

3. 19 May 1980—Pursuant to the Interstate Agreement on Detainers, all necessary forms were executed by the defendant and the authorities at Fishkill. The forms were mailed to and received by the clerk of superior court and the prosecuting attorney in Mecklenburg County.

4. 7 July 1980—The Mecklenburg County grand jury returned a true bill of indictment charging the defendant with the murder of Eugene Johnson.

5. 30 September 1980—Defendant was paroled by the New York authorities.

6. 1 October 1980—Defendant was apprehended by the North Carolina authorities and returned to this state. The record is inconclusive as to whether defendant was served with the bill of indictment on this date or on 15 October 1980.

7. 19 January 1981—Before defendant was brought to trial, he moved to have the action against him dismissed, alleging that more than 120 days had expired since he was indicted and that more than 180 days had expired since the date of his compliance with the provisions of the Interstate Agreement on Detainers.

8. 9 February 1981—The court ruled on defendant's motions to dismiss, the same being denied.

9. 12 February 1981—The state called the case for trial. Defendant moved for and was granted a continuance until 16 February 1981.

10. 16 February 1981—Defendant was tried, found guilty of murder in the second degree, and sentenced to imprisonment for not less than twenty nor more than thirty years.

Defendant appeals from the denial of his motions to dismiss and from the verdict of guilty.

*Attorney General Edmisten, by Assistant Attorney General W. Dale Talbert, for the State.*

*Peter H. Gerns for defendant appellant.*

MARTIN (Harry C.), Judge.

Defendant confines his argument to the assignments of error relating to the court's denial of his motion to dismiss for the state's failure to proceed to trial as required under the provisions of the Interstate Agreement on Detainers, N.C.G.S. 15A-761 to -767. The pertinent part of the statute is:

### Article III

(a) Whenever a person has entered upon a term of imprisonment in a penal or correctional institution of a party state, and whenever during the continuance of the term of imprisonment there is pending in any other party state any untried indictment, information or complaint on the basis of which a detainer has been lodged against the prisoner, he shall be brought to trial within 180 days after he shall have caused to be delivered to the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction written notice of the place of his imprisonment and his request for a final disposition to be made of the indictment, information or complaint.

In denying defendant's motion, the court concluded that although defendant's evidence showed conclusively that more than 180 days had passed since written notice of his request for final disposition had been delivered to the Mecklenburg County authorities, the 180 days had not passed during the continuance of imprisonment in a correctional institution, "defendant's imprisonment having terminated on the 30th day of September, 1980, in the New York facility, and the Act not being applicable thereafter."

It is defendant's contention that his release from prison before the expiration of the 180-day period should have no bearing on his right to a speedy trial under the Interstate Agreement on Detainers. We disagree. The act provides

that charges outstanding against a prisoner, detainers based on untried indictments, informations or complaints, and difficulties in securing speedy trial of persons already incarcerated in other jurisdictions, produce uncertainties which obstruct programs of prisoner treatment and rehabilitation. Accordingly, it is the policy of the party states and the pur-

pose of this agreement to, encourage the expeditious and orderly disposition of such charges and determination of the proper status of any and all detainers . . ..

N.C. Gen. Stat. § 15A-761, art. I (1978).

Thus, the purpose of the agreement on detainers is to obviate difficulties in securing speedy trials of persons incarcerated in other jurisdictions and to minimize the time during which there is an inherent danger that a prisoner may forego preferred treatment or rehabilitative benefits. A prisoner's release during the 180-day period essentially nullifies the stated purposes of the act by removing the difficulty of bringing the prisoner to trial while he is incarcerated in an out-of-state prison. Moreover, once he is released, the cloud of the detainer no longer has an adverse effect on the prisoner's status within the prison.

We hold that upon the release of defendant from prison in New York before the expiration of the 180-day period, the Interstate Agreement on Detainers no longer governed defendant's right to a speedy trial. Upon his release, defendant's right to a speedy trial was fully protected under the provisions of the Speedy Trial Act, N.C.G.S. 15A-701 to -704, with which the state complied.

No error.

Chief Judge MORRIS and Judge CLARK concur.