Paul Lawrence BLACKMON *v.* Honorable Harlan
WEBER, Judge, Pulaski Circuit Court

CR 82-92                                    642 S.W.2d 294

Supreme Court of Arkansas
Opinion delivered November 22, 1982

394

*Jeff Rosenzweig,* for petitioner.

*Steve Clark,* Atty. Gen., by: *William C. Mann, III,* Asst. Atty. Gen., for respondent.

RICHARD B. ADKISSON, Chief Justice. Petitioner, Paul Lawrence Blackmon, seeks a writ of prohibition pursuant to A.R.Cr.P. Rule 28.1 (d), Ark. Stat. Ann., Vol. 4A (Supp. 1981) to prohibit the Fourth Division of the Pulaski County Circuit Court from proceeding to trial on a charge of first degree battery against petitioner. Petitioner alleges that the trial court should have granted his motion to dismiss the charge because his right to a speedy trial was violated. We do not agree and deny the writ.

The incident giving rise to the charge of first degree battery occurred on August 24, 1980, while petitioner was an inmate in the Pulaski County Jail as a federal detainee. The following day he was transferred to a federal prison in El Reno, Oklahoma. On September 25, 1980, he was officially charged with battery. The prosecuting attorney placed a detainer against him pursuant to A.R.Cr.P. Rule 29.1 (b), Ark. Stat. Ann., Vol. 4A (Supp. 1981) which provides:

> If the prosecuting attorney has information that a person charged with a crime is imprisoned in a penal institution of a jurisdiction other than the State of Arkansas, he shall promptly cause a detainer to be filed with the official having custody of the prisoner and request such officer to advise the prisoner of the filing of the detainer and of the prisoner's right to demand trial.

This rule supplements the Interstate Agreement on Detainers,'Ark. Stat. Ann. § 43-3201 (Repl. 1977), which entitles

a prisoner incarcerated in another "state" to a trial within 180 days if he so requests. Petitioner did not request trial pursuant to this act.

On December 18, 1981, petitioner completed his federal sentence and was transferred to the Pulaski County Jail. A bail bond was filed on January 5, 1982, and a trial date was set for June 25, 1982.

We do not agree with petitioner's argument that since he was not brought to trial within 18 months, his right to a speedy trial was violated under A.R.Cr.P. Rule 28.1 (c), Ark. Stat. Ann., Vol. 4A (Supp. 1981) which provides:

> Any defendant charged with an offense in circuit court and held to bail, or otherwise lawfully set at liberty, including release from incarceration pursuant to subsection (a) hereof, shall be entitled to have the charge dismissed with an absolute bar to prosecution if not brought to trial within eighteen (18) months from the time provided in Rule 28.2, excluding only such periods of necessary delay as are authorized in Rule 28.3.

By its express terms this rule does not apply to the petitioner who was not held to bail or was not otherwise at liberty. Also, this rule would be inapplicable to the petitioner because a detainer was placed against him under the Interstate Agreement on Detainers Act. And, A.R.Cr.P. Rule 28.1 (g), Ark. Stat. Ann., Vol. 4A (Supp. 1981) clearly states that Rule 28.1 "shall have no effect in those cases which are expressly governed by the Interstate Agreement on Detainers Act."

Writ denied.

PURTLE, J., dissents.

JOHN I. PURTLE, Justice, dissenting. I disagree with the denial of the writ because I feel that all the relevant facts are not before us. The majority has correctly set out A.R.Cr.P. Rule 29.1 (b) which requires the prosecuting attorney to

promptly file a detainer and request the official having custody of the prisoner to advise the prisoner of the filing of the detainer and of his right to demand trial. The record is absolutely silent as to whether the petitioner was notified of his right to demand trial. No doubt, this information is available in the trial court and if it is proven that appellant was not notified of his right to demand a speedy trial, I think it will require reversal. If notice to the prisoner was not given, as required by Rule 29.1 (b), the time should run from the time the detainer was filed. It is unfair to penalize an accused when the state fails to notify a prisoner of his right to a speedy trial, sits back and lets the time run until the prisoner's sentence is fully served before commencing proceedings in the cause for which the detainer was filed.

We discussed this same problem in the case of *Dukes* v. *State*, 271 Ark. 674, 609 S.W.2d 924 (1981). In the *Dukes* case it was not disputed that appellant was tried within 180 days from his request for trial. Dukes' request for a speedy trial was filed November 20, 1979. This was the same date that the warrant and information from Arkansas were served upon him. He was tried on May 9, 1980. Obviously, this was within the 180 day time limit required under the circumstances. While there is a positive duty on the part of a prisoner to request a speedy trial, there is also a duty on the part of the state to file the detainer and promptly notify the prisoner both that the charge is pending and that he can demand a speedy trial. In the present case the petitioner certainly was not tried within 180 days from the time the charge was filed.

I am unable to tell from reading the majority opinion what date the detainer was placed against the petitioner. Neither is there a statement that the petitioner was given the warning required by the provisions of A.R.Cr.P. Rule 29.1 (b). Therefore, I would remand the case for further proceedings.