## Fread J. LOANE *v.* STATE of Arkansas

CA CR 84-42                                     677 S.W.2d 864

### Court of Appeals of Arkansas
### En Banc
### Opinion delivered October 17, 1984

*Hewett & Hewett,* by: *Carol Hewett,* for appellant.

*Steve Clark,* Att'y Gen., by: *Patricia G. Cherry,* Asst. Att'y Gen., for appellee.

LAWSON CLONINGER, Judge. Appellant, Fread J. Loane, was convicted of the offense of delivery of a controlled substance. He received a sentence of six years and a fine of $5,000.

Appellant was serving a sentence on a related charge in Oklahoma at the time the information was filed in Arkansas

and was brought to this state pursuant to the Interstate Agreement on Detainers, which is codified as Ark. Stat. Ann. § 43-3201 (Repl. 1977).

He initially argues that the trial court erred in refusing to dismiss the charges against him for failure to bring him to trial within the time period set out in the Interstate Agreement on Detainers. We agree. Article IV(c) of § 43-3201, *supra,* provides:

> In respect of any proceeding made possible by this Article, trial shall be commenced within one hundred twenty (120) days of the arrival of the prisoner in the receiving state, but for a good cause shown in open court, the prisoner or his counsel being present, the court having jurisdiction of the matter may grant any necessary or reasonable continuance.

The trial judge held in a hearing on this matter that the defendant was initially brought back to Arkansas pursuant to the provisions under the Interstate Agreement on Detainers on March 29, 1983, but was subsequently paroled by the authorities in Oklahoma and was released on bond in this jurisdiction. Once he was free on bond, it was the trial judge's ruling that Rule 28 of the Arkansas Rules of Criminal Procedure applied from that point on. Rule 28.1 of the Arkansas Rules of Criminal Procedure provides that a defendant shall be brought to trial within eighteen months after being charged with an offense excluding only such periods of necessary delay as are authorized in Rule 28.3. Appellant's trial was conducted on August 6, 1983. The trial judge specifically stated the reasons for not bringing appellant to trial within the eighteen month period and appellant does not dispute his findings in that respect. His only argument is that Rule 28 does not apply and the speedy trial rule provided in the Interstate Agreement on Detainers does. Rule 28(g) provides specifically that this rule would have no effect on those cases governed by the Interstate Agreement on Detainers Act.

In *Blackmon* v. *Weber,* 277 Ark. 393, 642 S.W.2d 294 (1982), the appellant sought a writ of prohibition to prohibit

Pulaski County Circuit Court from proceeding to trial on a charge of first degree battery against him. The incident giving rise to the charge occurred on August 24, 1980, while the appellant was an inmate in the Pulaski County Jail as a federal detainee. The following day he was transferred to federal prison in El Reno, Oklahoma. Subsequently he was charged with battery by the State of Arkansas and the prosecuting attorney placed a detainer against him. On December 18, 1981, appellant completed his federal sentence and was transferred to the Pulaski County Jail. A bail bond was filed on January 5 and trial date was set for June 25, 1982. In holding that Rule 28.1 of the Arkansas Rules of Criminal Procedure did not apply, the Arkansas Supreme Court stated that because a detainer was placed against appellant under the Interstate Agreement on Detainers Act, the speedy trial rules provided for in that Act applied to the appellant.

In this case, the trial judge refused to apply the speedy trial rules of the Interstate Agreement on Detainers Act because appellant was out on bond. However, the petitioner in *Blackmon, supra,* was also out on bond, and the Arkansas Supreme Court held that the speedy trial rules of the Act still applied. Hence, we hold that the trial judge was in error.

The State argues that we nevertheless can affirm the Interstate Agreement on Detainers was satisfied. However, Article IV(c) of the Act is clear in that it states that the defendant shall be brought to trial within 120 days, "but for good cause shown in open court, the prisoner or his counsel being present, the court having jurisdiction of the matter may grant any necessary or reasonable continuance." No continuances were requested or granted in this case. Furthermore, no actions taken by appellant caused a delay in the trial of the case and nothing in the record indicates that any trial date was set prior to August 6, 1983.

Appellant further contends on this appeal that the Arkansas prosecution is barred by the prior Oklahoma conviction for a crime arising out of the same cause of criminal conduct as the Arkansas prosecution. In view of

our decision on the first issue argued by appellant, we do not reach the second.

Reversed and dismissed.

MAYFIELD and COOPER, JJ., dissent.

JAMES R. COOPER, Judge, dissenting. I· respectfully dissent from the majority decision in this case, which holds that the charges against the appellant must be dismissed for failure to bring him to trial within 180 days of his delivery from Oklahoma. First, the majority opinion neglects to point out that the appellant was out of jail on bond from Carroll County when he was imprisoned in Oklahoma. Next, the majority opinion says· that the appellant was brought back pursuant to the Interstate Agreement on Detainers. The fact is, he was *paroled* from Oklahoma to the Arkansas detainer. The purposes of the Interstate Agreement on Detainers is to require a speedy trial so as not to interfere with the rehabilitative efforts of the state in which the detainee is incarcerated. *See Camp* v. *United States,* 587 F.2d 397 (8th Cir. 1978). Since, in the case at bar, Oklahoma had released the appellant on parole, a delay in his trial would have had no effect on that state's rehabilitative efforts. I simply do not think that the Act applied to the appellant, and I think that the trial court was correct in determining that Rule 28 applied. I would affirm on this point.

Judge Mayfield joins in this dissenting opinion.