**Raymond PRISTAVEC, Defendant Below, Appellant,**

v.

**STATE of Delaware, Plaintiff Below, Appellee.**

Supreme Court of Delaware.
Submitted: June 27, 1985.
Decided: July 15, 1985.

---

Edward C. Pankowski, Jr., Asst. Public Defender, Wilmington, for appellant.

Christopher Curtin and Loren C. Meyers, Dept. of Justice, Wilmington, for appellee.

Before McNEILLY, HORSEY and MOORE, JJ.

PER CURIAM.

The defendant-appellant appeals his convictions in the Superior Court of Kidnapping Second Degree and Terroristic Threatening. He claims that the State failed to bring him to trial within 180 days as required by the Uniform Act of Detainers, 11 *Del.C.* § 2542, and that the lower court erred by refusing to strike the testimony of a witness who had violated the sequestration order. The Superior Court ruled the Act inapplicable where, as here, the defendant's term of incarceration in the sending state expires prior to the running of the Act's 180 day maximum holding period. We agree, and, finding no abuse of discretion by the trial judge in his refusal to strike, affirm.

I.

The defendant was indicted on May 10, 1983 for the March 8 rape of Janet Robinson, an acquaintance who had accompanied the defendant that day to Dover. In the indictment, the defendant was also charged with kidnapping in connection with the rape, and terroristic threatening, a charge arising from defendant's alleged March 11 appearance at Robinson's home after he learned that Robinson had gone to the police.

Shortly after the incident at Robinson's house, defendant left Delaware for Arizona, but was arrested on the way through West Virginia for possession of an unregistered firearm. He pled guilty to that charge and was sentenced on March 14, 1983 to six months' imprisonment.

On June 23, 1983, defendant's request to be returned for disposition of the Delaware charges was received by the State. He was returned to Delaware in August of that year, with his West Virginia sentence continuing to run until its expiration in September. The case was ultimately

scheduled for a January 3, 1984 trial, at which time the defendant moved to dismiss on the grounds that the 180 day period, as provided for by 11 *Del.C.* § 2542, had expired. This motion was denied.

During cross-examination of Peter Linski, a friend of Robinson's who had been at Robinson's home when Pristavec had allegedly made the threatening overtures, it was discovered that Robinson had called Linski the night before trial asking him what he remembered of that incident, further requesting that he testify for the State. Although Linski had not previously been scheduled to testify, the defendant moved to strike Linski's testimony for violation of the sequestration order. The trial judge denied the request on the ground that Linski had not been subject to the order at the time of Robinson's call.

## II.

There are two issues involved in this appeal: The first is whether the Uniform Act of Detainers, as codified by 11 *Del.C.* §§ 2540–50, is applicable where, as here, the defendant's sentence in the "sending state" expires during the period the defendant is held in the "receiving state". The second is whether the judge abused his discretion in failing to exclude the testimony of Linski, who was not scheduled as a witness, but who was contacted after the court imposed a sequestration order.

## III.

The defendant contends that 11 *Del.C.* § 2542(a)[1] should be strictly interpreted, under which a defendant, incarcerated in another "party" state, must be tried

in the "receiving state" within 180 days of his request for a final disposition. Under a strict interpretation, he contends, the 180 day provision was triggered as of the date the State received the defendant's request for disposition, under the theory that an action is to be governed by the procedural rules in effect at its commencement. In response, the State argues that such an interpretation of the statute would be illogical, as once a prisoner has been unconditionally released by the sending state while in the temporary custody of the receiving state, there is no rationale for enforcing the time limits of the Uniform Agreement.

A number of states have been faced with this issue, and have ruled the statute inapplicable. *See State v. Oxendine*, 58 Md. App. 591, 473 A.2d 1311 (1984); *State v. Quiroz*, N.M.Ct.App., 94 N.M. 517, 612 P.2d 1328 (1980); *State v. Dunlap*, 57 N.C. App. 175, 290 S.E.2d 744 (1982). Having traced the legislative history of the Uniform Act, the courts in those states have determined that it is the purpose of the Act "to obviate difficulties in securing speedy trials of persons incarcerated in other jurisdictions and to minimize the time during which there is an inherent danger that a prisoner may forego preferred treatment or rehabilitative benefits," *State v. Dunlap, supra*, 290 S.E.2d at 745–46, and that the release of the prisoner during the 180 day period in effect nullifies the Act's purpose.

Once the defendant's term of incarceration in West Virginia expired, "he stepped out from under the protective umbrella of [the Act] and stood in the same position as

---

**1.** 11 *Del.C.* § 2542(a) reads, in pertinent part:

§ 2542. Written notice requesting disposition, trial within 180 days; waiver of extradition.

(a) Whenever a person has entered upon a term of imprisonment in a penal or correctional institution of a party state, and whenever during the continuance of the term of imprisonment there is pending in any other party state any untried indictment, information or complaint on the basis of which a detainer has been lodged against the prisoner, he shall

be brought to trial within 180 days after he shall have caused to be delivered to the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction written notice of the place of his imprisonment and his request for a final disposition to be made of the indictment, information or complaint; provided that for good cause shown in open court, the prisoner or his counsel being present ... the court having jurisdiction of the matter may grant any necessary or reasonable continuance.

any other accused." *State v. Oxendine, supra,* 473 A.2d at 1314. Consequently, the Superior Court was correct in its determination that the statute ceased to apply and that it therefore had jurisdiction to try the case.

The defendant also contends that Robinson's phone call to a witness the night before trial was in violation of the court's sequestration order, and was sufficient to disqualify the witness. However, the witness was not subject to the sequestration order at the time of the call, as he had not yet been requested to testify. This is a matter for the trial judge to explore, and, after a review of the record, we find no abuse of discretion by the trial judge in his refusal to strike the testimony.

\* \* \* \* \* \*

AFFIRMED.