496 So.2d 916 (1986)
STATE of Florida, Appellant,
v.
Larry BUTLER, Appellee.
No. 86-364.
District Court of Appeal of Florida, Second District.
October 24, 1986.
Jim Smith, Atty. Gen. and Norma J. Mungenast, Asst. Atty. Gen., Tallahassee, for appellant.
James Marion Moorman, Public Defender, and A.N. Radabaugh, Asst. Public Defender, Bartow, for appellee.
FRANK, Judge.
The state has appealed from an order discharging the defendant, Larry Butler, and releasing him from custody pursuant to the speedy trial provisions of the Interstate Agreement on Detainers (IAD). We reverse.
While Butler was imprisoned in Ohio a Florida detainer was lodged against him. Butler filed the necessary forms pursuant to the Interstate Agreement on Detainers, §§ 941.45 ff., Fla. Stat., requesting disposition of the Florida charges. Among the forms received by the Florida prosecutor on July 30, 1985, was a "Certificate of Inmate Status" prepared by Ohio officials indicating that Butler would complete his Ohio prison sentence on January 20, 1986.
The IAD provides that a prisoner must be brought to trial in the receiving state "within 180 days after he shall have caused to be delivered to the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction written notice of the place of his imprisonment and his request for a final disposition of the indictment, information, or complaint." The 180 day period expired on Sunday, January 26, 1986; therefore, had no other factors intervened, Butler should have been brought to trial in Florida by Monday, January 27, 1986.
At a hearing on January 14, 1986, the state announced it was ready for trial; Butler's counsel announced that he would be ready "on the back week"; and the trial was set for Friday, January 31, 1986. Neither the prosecutor nor the defense counsel expressed concern that the trial date was beyond the 180-day limit.
Several days later defense counsel filed two motions: a request for a statement of *917 particulars and a motion to dismiss on speedy trial grounds. At a hearing on January 27 the trial court granted the motion for a statement of particulars but reserved ruling on the motion to dismiss to permit the attorneys to research whether the 180 day provision of the IAD began to run on the date the defendant requested disposition of the charges or on the date the state received notice of the request. At a January 31 hearing on this issue defense counsel conceded that the starting point of the 180 day period was the state's receipt of the request for disposition. That hearing, however, was held on the 185th day, and the trial court therefore dismissed the charges against Butler on speedy trial grounds.
The trial court erroneously discharged the defendant. The first and foremost consideration is that Butler had been released from Ohio's custody on January 20, before the expiration of the 180 day period. The IAD was enacted to provide certainty and prevent obstruction in "programs of prisoner treatment and rehabilitation." § 941.45(1), Fla. Stat. The purpose of the act is to "obviate difficulties in securing speedy trials of persons incarcerated in other jurisdictions and to minimize the time during which there is an inherent danger that a prisoner may forego preferred treatment or rehabilitation benefits." State v. Dunlap, 57 N.C. App. 175, 290 S.E.2d 744, 745 (N.C. App.), cert. denied, 306 N.C. 388, 294 S.E.2d 213 (1982). A detainer may cause truly adverse consequences to the prisoner while in the sending jurisdiction: he may be precluded from eligibility for parole consideration; he may be excluded from work-release programs; or he might be confined under stricter security because of prison officials' fear that he might attempt to escape. State v. Oxedine, 58 Md. App. 591, 473 A.2d 1311, 1314 (1984). All of those consequences of detainers, however, expire when the prisoner is no longer incarcerated. At that point the IAD  and its attendant speedy trial element  is no longer applicable. Dunlap, 290 S.E.2d at 745.
Although we have found no Florida precedent addressing this particular issue, other state courts have expressed views consistent with Dunlap that a detainer statute is no longer applicable when the prisoner is released from prison in the sending state or county: Pristavec v. State, 496 A.2d 1036 (Del. 1985); State v. Oxedine, 58 Md. App. 591, 473 A.2d 1311 (1984); and State v. Quiroz, 94 N.M. 517, 612 P.2d 1328 (App. 1980). At least one court has held the 180 day provision strictly applicable even though the defendant had been released on parole by the sending state, Loane v. State, 12 Ark. App. 374, 677 S.W.2d 864 (1984), but that court failed to consider the speedy trial provisions of the act within the context of its policies and purposes. As noted by the dissenting judge in Loane, once the defendant had been released a delay in his Arkansas trial would have had no effect on the efforts of the sending state to rehabilitate him. 677 S.W.2d at 866 (Mayfield J., dissenting).
In addition to its policy and purpose, the IAD's plain language supports the view we adopt. The act is applicable to "prisoners" of sending states; once Butler had fully served his Ohio sentence, he was no longer a "prisoner" as the term is used in the IAD and thus the act ceased to be relevant to his status.
Finally, the state has contended that even if the speedy trial provisions of the act were applicable, the defendant by acquiescing in the setting of the trial date and by filing last-minute motions that could not be disposed of within the prescribed period, waived his speedy trial right. We agree but find that extensive discussion of this issue is unnecessary in light of our holding on the first issue. It is sufficient to say that our supreme court, noting that the fundamental constitutional guarantees of the Florida speedy trial rule are neither unwaivable nor self-executing, has declined to bestow a greater dignity upon the statutory speedy trial provisions of the IAD, an act designed to enhance interstate cooperation and prisoner rehabilitation by resolution of all charges a convict faces. Johnson *918 v. State, 442 So.2d 193, 197 (Fla. 1983), cert. denied, 466 U.S. 963, 104 S.Ct. 2181, 80 L.Ed.2d 563 (1984).
We reverse the trial court's order discharging the defendant and remand this cause for further proceedings.
SCHEB, A.C.J., and HALL, J., concur.