SHARP, Judge.
The state appeals from an order discharging Edwards from prosecution. The trial court's ruling was based on the state’s failure to bring Edwards to trial within 180 days after September 18, 1985, the date Edwards made his demand for disposition of the charges against him under section 941.45(3)(b) of the Interstate Agreement on Detainers Act (IAD). We affirm because we find no evidence in this record sufficient to constitute a waiver of Edwards’ rights to a speedy trial under the IAD.
In April 1983, Edwards was arrested for sexual battery in Florida. He failed to appear for his trial in August 1983. Between that time and the latter part of 1985, Edwards became incarcerated in the Missouri State Penitentiary and the State of Florida lodged a detainer against him there. On September 18, 1985, Edwards requested final disposition of Florida’s sexual battery charge pursuant to section 941.-45(3)(a), Florida Statutes (1985).[1]
Upon receipt of Edwards’s request, action was taken to have him brought here for trial. He arrived in Florida on January 15,1986 and was arraigned one week later. The trial judge appointed the public defender to represent him, and he pled not guilty on January 27, 1986, after discovery. The trial court set a trial date for the week of April 14,1986. On April 7,1986, the public defender filed a motion to discharge. Other than standing silent and not objecting to the trial date, Edwards and his attorney did nothing which can be construed as a waiver of the IAD speedy trial provisions. The 180-day period ran on March 21, 1986.
This case is governed by section 941.45(3)(a), one of two speedy trial provisions contained in the Interstate Agree *1163 ment on Detainers (“IAD”). That section provides that the prisoner “shall be brought to trial within 180 days after he shall cause to be delivered ... written notice ... [of] his request for final disposition.” The prisoner has the initial burden of making a written request for final disposition, and upon so doing the state has the burden to bring him to trial within 180 days. Failure to try a defendant within the time period results in a dismissal. United States v. Ford, 550 F.2d 732 (2d Cir.1977), affirmed sub nom., United States v. Mauro, 436 U.S. 340, 98 S.Ct. 1834, 56 L.Ed.2d 329 (1978).
The United States Supreme Court has held that federal law governs the interpretation of the IAD. Cuyler v. Adams, 449 U.S. 433, 101 S.Ct. 703, 66 L.Ed.2d 641 (1981). IAD rights are unquestionably waivable. Eg. Brown v. Wolff 706 F.2d 902 (9th Cir.1983). But pursuant to federal cases, waiver requires an affirmative act, as where a prisoner affirmatively requests to be treated in a manner which is contrary to the procedures contained in the IAD (emphasis added). Id. at 907. The Ninth Circuit Court of Appeals commented specifically on silence in the context of waiver by stating:
A waiver is not ordinarily found from mere silence. The Agreement puts no affirmative obligation on the prisoner to alert the court of his IAD rights. We think it is inappropriate to impose such an obligation. (Emphasis added).
Id. at 907.
In this case, Edwards made a proper written notice of his request for disposition under the IAD. Other than that act, there is absolutely no indication in the record that Edwards engaged in any affirmative conduct. He was merely silent when the court set a trial date outside the 180-day time period. Both sides freely admit they were aware of Edwards’ request for disposition under the IAD and necessarily must have been aware of the state’s obligation to bring him to trial within that time period.
A defendant has no duty to remind the state of its obligation to try him in a timely manner. Ultimately it is the state’s responsibility once the IAD speedy trial mechanisms are triggered. Accordingly, we affirm on the authority of Brown v. Wolff, 706 F.2d 902 (9th Cir.1983).
AFFIRMED.
DAUKSCH and COBB, JJ., concur.

. Section 941.45(3)(a) provides that where, as here, an incarcerated defendant makes a demand for disposition, he must be tried within 180 days; and section 941.45(4) provides that a defendant must be tried within 120 days after the arrival of the prisoner in the receiving state. Presumably, subsection (4)(c) was included to ensure a speedy trial where the defendant did not utilize the speedy trial provision under subsection (3)(a).