**STATE of Maine**

v.

**Richard BELLINO.**

Supreme Judicial Court of Maine.

Argued March 9, 1989.

Decided May 3, 1989.

Mary Tousignant, Dist. Atty. and Anne Jordan (orally), Deputy Dist. Atty., Alfred, for the State.

Rodney A. Shain, Jr. (orally), Sanford, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD and HORNBY, JJ.

ROBERTS, Justice.

Richard Bellino appeals his conviction of vehicular manslaughter, 17-A M.R.S.A. § 203 (1983), following the entry of a conditional guilty plea in the Superior Court, (York County, *Brennan, J.*). He alleges that the State failed to comply with the time regulations of the Interstate Compact on Detainers, 34-A M.R.S.A. §§ 9601–9609 (1988), and as a result the manslaughter charges against him should be dismissed. Because we hold that the time constraints of the Act do not apply to paroled prisoners, we affirm the judgment.

On May 28, 1987, while Bellino was serving a prison term in the Federal Correctional Institute at Lexington, Kentucky, the State of Maine filed a detainer against him on the manslaughter charge. After the State sent an acceptance of custody to the Federal prison authorities, Bellino was transferred to Maine on August 15, 1987. He was arraigned on August 19, and held in the county jail. No bail was set and trial was scheduled to be the first case in October, 1987.

Bellino filed, on September 26, 1987, a number of motions for discovery and a motion to continue trial to the next available criminal trial list. On October 22, Bellino filed a motion for review of bail. These motions were heard on October 23, 1987. Because the Federal authorities had already approved a parole plan, Bellino's bail was set at $5,000 unsecured bond. Bellino was paroled from his Federal sentence on October 26, 1987, and released on bail from the York County Jail two days later.

Subsequently, the State sought a specially assigned trial date of March 3 and 4, 1988. The State's motion was granted, but shortly thereafter the case was scheduled for entry of a plea on March 14, 1988. Neither trial nor guilty plea occurred in March, but Bellino filed a motion to dismiss based on the State's failure to comply with the time requirements of the Interstate Compact. On July 26, 1988, the court denied the motion to dismiss on the ground that, once Bellino was released from custody, the requirements of the Act no longer

applied. On September 23, 1988, Bellino entered a conditional guilty plea, preserving his right to challenge on appeal the denial of his motion to dismiss. M.R. Crim.P. 11(a)(2).

The Interstate Compact provides that trial shall be commenced within 120 days of the arrival of the prisoner in the receiving state. 34–A M.R.S.A. § 9604(3). Reasonable continuances may be granted for good cause shown. *Id.* If the Act were deemed to apply to Bellino, it is undisputed that the State did not meet the 120–day limitation.

A number of jurisdictions have determined that the Interstate Compact is applicable only to prisoners serving a sentence in prison. *See, e.g., State v. Dunlap,* 57 N.C.App. 175, 290 S.E.2d 744, 746 (1982), *cert. denied,* 306 N.C. 388, 294 S.E.2d 213 (1982) (prisoner paroled in New York, while under detainer and indictment in North Carolina, is not covered by the Interstate Compact on Detainers: [Once released] "the cloud of the detainer no longer has an adverse effect on the prisoner's status within the prison." The rationale behind the Act is generally recognized as preventing "obstructions to programs of treatment and rehabilitation of the sentence of prisoners who have entered the life of the institution to which they have been committed for a term of imprisonment." Annotation, *Validity, Construction, and Application of Interstate Compact on Detainers,* 98 A.L. R.3d 160, 187 (1980), discussing *United States v. Roberts,* 548 F.2d 665 (6th Cir., 1977), *cert. denied,* 431 U.S. 920, 97 S.Ct. 2188, 53 L.Ed.2d 232 (1977) and *Ridgeway v. United States,* 558 F.2d 357 (6th Cir.,

1977), *cert. denied,* 436 U.S. 946, 98 S.Ct. 2850, 56 L.Ed.2d 788 (1978).

The Maine statute reveals no contrary intent. The Act's purpose and policy, as stated in section 9601, is to address "charges outstanding against a prisoner, detainers based on untried indictments, informations or complaints, and difficulties in securing speedy trials of persons already incarcerated in other jurisdictions." Throughout the Act reference is made to "prisoners" and "imprisonment" but not to those out on parole. *See, e.g.,* §§ 9601, 9602, 9603, 9604, and 9605. In the absence of evidence of legislative intent to the contrary, we give the words of an act their plain, common and ordinary meaning. *State v. Laverty,* 495 A.2d 831 (Me.1985). We hold, therefore, that a parolee like Bellino is not a prisoner to whom the time limitations of the Act will apply.

Because we find that Bellino, while out on parole, was not protected by the Interstate Compact, we do not reach the State's alternative argument that Bellino had waived the time constraints of the Act.

The entry is:

Judgment affirmed.

All concurring.