798 A.2d 96 (2002)
351 N.J. Super. 222
STATE of New Jersey, Plaintiff-Appellant,
v.
James BURNETT, Defendant-Respondent.
Superior Court of New Jersey, Appellate Division.
Submitted May 6, 2002.
Decided May 24, 2002.
*97 William H. Schmidt, Bergen County Prosecutor, for appellant (Jessica A. Gomperts, Assistant Prosecutor, of counsel and on the brief).
Peter A. Garcia, Acting Public Defender, for respondent (Barbara A. Hedeen, Assistant Deputy Public Defender, of counsel and on the brief).
Before Judges PETRELLA, KESTIN, and STEINBERG.
The opinion of the court was delivered by STEINBERG, J.A.D.
The State appeals from an order dismissing a three-count indictment that had previously been returned by a Bergen County grand jury on June 15, 2000, charging defendant James Burnett with third-degree aggravated assault, N.J.S.A. 2C:12-1(b)(7); third-degree possession of a weapon, a broomstick, with the purpose to use it unlawfully against the person or property of another, N.J.S.A. 2C:39-4(d); and fourth-degree possession of a weapon, a broomstick, under circumstances not manifestly appropriate for such lawful uses as it may have, N.J.S.A. 2C:39-5(d). We reverse.
The indictment was based upon an incident that occurred on February 7, 1999, in which it was alleged that defendant beat the victim, Pamela Lee, with a broomstick. Defendant was arrested on the date of the incident. At that time, he was on parole from New York. On February 8, 1999, he had his first appearance in Teaneck Municipal Court regarding the complaint. The following day, February 9th, he was arrested in New Jersey on a charge of parole violation from New York and transported to the Westchester County Jail in New York.
On February 18, 1999, defendant sent to the Bergen County Prosecutor's Office a request for final disposition under the Interstate Agreement on Detainers Act *98 (IAD), N.J.S.A. 2A:159A-1 to -15. He sent a similar request on May 19, 1999, to both the Bergen County Prosecutor's Office and William C. Meehan, Presiding Judge of the Criminal Part. Judge Meehan received the request on May 25, 1999. In defendant's letter to Judge Meehan, he noted that the Bergen County Prosecutor's Office had not lodged a detainer against him in New York. On July 16, 1999, 149 days after his initial request for disposition of the New Jersey charges, defendant was released from custody in New York.
While we have not been provided with a transcript of defendant's arraignment, the State provided an affidavit of Assistant Prosecutor Mark Dispoto in opposition to defendant's motion, asserting that at the arraignment, defense counsel provided him "with a copy of his client's pro se motion for a final disposition under the [IAD] dated May 19, 1999." The arraignment took place nearly sixteen months after defendant had made his initial request.
In his affidavit, Dispoto also noted that at status conferences on September 5, 2000, October 10, 2000, December 4, 2000, and January 16, 2001, defense counsel informed the judge that he had not yet completed his investigation and asked that the conferences be rescheduled. Subsequently, on February 20, 2001, defense counsel informed the judge that he had completed his investigation and anticipated filing a motion to dismiss for lack of speedy trial. The judge directed him to file a motion by March 9, 2001. On April 16, 2001, the State and defense counsel informed the judge that they were discussing a possible plea agreement. Thereafter, on May 14, 2001, the State requested three additional weeks to speak with the victim regarding a potential plea agreement. On July 2, 2001, defense counsel failed to appear for the scheduled status conference. Finally, on July 9, 2001, it became apparent that the case would not be resolved by way of plea agreement. The judge scheduled all outstanding motions to be heard on September 10, 2001, and for the trial to commence on October 1, 2001.
As previously noted, the judge dismissed the indictment, concluding that the State failed to bring defendant to trial within the time specified by the IAD. The judge determined that defendant "did everything within his power ... to trigger the [IAD], and that he did request, as he was required to do, a trial within the time period." Subsequently, the judge denied the State's motion for reconsideration. The State appeals, contending that the motion judge erred in dismissing the indictment and that the IAD was not applicable.
Under the IAD, a person who is imprisoned in one state, who has, pending in another state which is a party to the agreement, an "untried indictment, information or complaint on the basis of which a detainer has been lodged against" him, must "be brought to trial within 180 days after he [has] caused to be delivered to the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction written notice of the place of his imprisonment and his request for a final disposition" of the charge. N.J.S.A. 2A:159A-3(a). "[F]or good cause shown in open court, [with] the prisoner or his counsel being present, the court" of the jurisdiction in which the charge was lodged "may grant any necessary or reasonable continuance." Ibid.[1]
*99 The express purpose of the IAD is to provide relief from the uncertainties caused by detainers based on outstanding indictments, information, or complaints, "which obstruct programs of prisoner treatment and rehabilitation." N.J.S.A. 2A:159A-1; accord Carchman v. Nash, 473 U.S. 716, 720, 105 S.Ct. 3401, 3403, 87 L.Ed.2d 516, 521 (1985). However, by its very terms, the IAD only applies when a detainer has been lodged against the prisoner. N.J.S.A. 2A:159A-3(a); see Schneider v. Commonwealth, 17 S.W.3d 530, 533-34 (Ky.Ct.App.1999) (holding that IAD is not applicable until a state lodges a detainer in the jurisdiction where the prisoner is incarcerated); Theis v. State, 30 P.3d 1140, 1145-46 (Nev.2001) (holding that a defendant is not entitled to dismissal of an indictment under the IAD as no detainer had been lodged against him).
Here, the State never filed a detainer. "A detainer is a request filed by a criminal justice agency with the institution in which a prisoner is incarcerated, asking the institution either to hold the prisoner for the agency or to notify the agency when release of the prisoner is imminent." Carchman, supra, 473 U.S. at 719, 105 S.Ct. at 3403, 87 L.Ed.2d at 520. Thus, we reject defendant's contention that his request for disposition of the charges is tantamount to a detainer. Simply put, the State never filed a detainer and, consequently, defendant was not subject to the adverse consequences of a formal detainer. As such, we conclude that the IAD was not implicated and, therefore, the judge erred in dismissing the indictment.
In addition, because the purpose of the IAD is to provide for speedy disposition of charges which are supported by a detainer in order to relieve the prisoner of the uncertainties which tend to obstruct his ability to participate or benefit from prisoner treatment and rehabilitation, the IAD is not implicated after the prisoner is released. State v. Rodriguez, 239 N.J.Super. 455, 458, 571 A.2d 996 (App.Div.), certif. denied, 122 N.J. 321, 585 A.2d 340 (1990). The provisions of the IAD "are for the benefit of persons serving a `term of imprisonment' and no longer apply after the term of imprisonment ends." Ibid.; see also State v. Butler, 496 So.2d 916, 917 (Fla.Dist.Ct.App.1986); State v. Bellino, 557 A.2d 963, 963-64 (Me.1989); State v. Peterson, 30 S.W.3d 209, 211 (Mo.Ct.App. 2000); State v. Thompson, 19 Ohio App.3d 261, 483 N.E.2d 1207, 1210 (1984); State v. Smith, 353 N.W.2d 338, 341 (S.D.1984). Consequently, because defendant was paroled from New York before the expiration of the 180 day period within which he had to be tried if a detainer had been filed, the IAD was no longer implicated. Therefore, we conclude that the judge erred on this basis as well in dismissing the indictment.
Reversed and remanded for the entry of an order reinstating the indictment and for further proceedings. We do not retain jurisdiction.
NOTES
[1] N.J.S.A. 2A:159A-3(a) also requires the prisoner's request to

be accompanied by a certificate of the appropriate official having custody of the prisoner, stating the term of commitment under which the prisoner is being held, the time already served, the time remaining to be served on the sentence, the amount of good time earned, the time of parole eligibility of the prisoner, and any decisions of the State parole agency relating to the prisoner.
Moreover, the written notice and request must be "given or sent by the prisoner to the warden," or other appropriate official having custody of him, who, in turn, must "promptly forward it together with the certificate to the appropriate prosecuting official and court by registered or certified mail, return receipt requested." N.J.S.A. 2A:159A-3(b). Here, N.J.S.A. 2A:159A-3(b) was not complied with. Rather, defendant sent his request directly to the Bergen County Prosecutor and Judge Meehan.