NORTHCUTT, Judge.
Brian Devine appeals his burglary conviction and argues that the charge should have been dismissed pursuant to the Interstate Agreement on Detainers (IAD), chapter 941, part II, Florida Statutes (2009). We agree and reverse.
In 2004, the state attorney in Collier County charged Devine with burglary of an unoccupied dwelling. Not long after the charge was filed, Devine failed to appear in court. He resurfaced in 2009 while serving a prison sentence in Ohio.
In May 2009, Devine attempted to invoke his rights under the IAD by filing a *172 pro se notice that he was available for disposition of his Florida charge. The sworn notice referenced Devine’s Florida case number and informed the Florida prosecutor of Devine’s place of incarceration in Ohio. In December of that year, Devine filed a pro se motion to dismiss the Florida charge. The motion alleged that Devine was serving a three-year sentence in Ohio, that he had filed the notice of availability in May, and that no action had been taken since the filing. In February 2010, the circuit court dismissed the motion without prejudice. The order stated that Devine’s notice was not sufficient because it lacked a certificate from the corrections officials in Ohio and it had not been sent by registered or certified mail, as required by the IAD.
By September 2010, these shortcomings were corrected. The record shows that Florida lodged a detainer against Devine in Ohio on August 30, 2010, and that De-vine and the Ohio prison officials executed IAD forms I, II, and III on August 31. Form I was entitled “Notice of Untried Indictment, Information or Complaint and Have [sic] Right to Request Disposition.” In this form, an Ohio prison official formally notified Devine that the detainer had been lodged against him by the Collier County authorities, that he had a right to request a final disposition of the Florida charge, that such a request would be a waiver of extradition and consent to return, and that he had a right to oppose a request for temporary custody. Form II was entitled “Inmate’s Notice of Place of Imprisonment and Request for Disposition of Indictments, Informations or Complaints.” This form, executed by Devine, was directed to the State Attorney for the Twentieth Judicial Circuit of Florida, and it requested a final disposition of the Florida burglary charge. Form III was entitled “Certificate of Inmate Status.” This form, executed by an Ohio prison official, set forth information required by the IAD, including: Devine’s Ohio commitment offenses, his term of commitment, the time already served, the time remaining to be served, and the amount of good time served. The form also set forth the date of Devine’s parole eligibility, and it included an unmarked space for decisions of the parole agency related to him. The record contains September 7, 2010, certified mail receipts showing delivery on that date of mail sent from the Ohio prison to the state attorney’s office and to “Court Administration” at the address of the Collier County Courthouse.
In March 2011, Devine filed another pro se motion to dismiss with a certificate of service to the state attorney’s office. This motion alleged that Devine was serving a three-year sentence in Ohio. It further alleged that an “Interstate Agreement on Detainers was filed in this court on August 30, 2010.” Although the circuit court had not reached the merits of Devine’s first motion when dismissing it without prejudice, in April 2011 the court summarily denied this second motion as successive.
On November 7, 2011, Devine was tried and convicted as charged. Post-trial, defense counsel filed a motion to reconsider the April 2011 order denying the second motion to dismiss as successive. The motion for reconsideration relied on the following attachments: the Florida detainer placed on Devine on August 30, 2010; the IAD forms executed by Devine and Ohio prison officials on August 31; the certified mail receipts from the Ohio prison to the state attorney’s office and Court Administration in Collier County reflecting delivery on September 7, 2010; and Devine’s March 2011 pro se motion to dismiss along with the order summarily denying it as successive.
*173 Without objection, the court entertained the motion for reconsideration at Devine’s sentencing hearing. The prosecutor did not dispute that Devine’s IAD forms were delivered to the court and the state attorney’s office in September 2010 or that they were sufficient to invoke Devine’s rights under the IAD. Instead, the prosecutor argued simply that the motion for reconsideration was merely a request to the court to “please change your mind.” Defense counsel disputed that characterization, pointing out that the motion for reconsideration was based on counsel’s receipt of “some information from the Ohio correctional department showing receipts of when the defendant’s motion and when the detainers were submitted,” which had been among the court’s concerns when it dismissed the first motion without prejudice. Without stating its reasons, the court denied the motion to reconsider. It then imposed a prison sentence for the burglary conviction.
On appeal, Devine argues that the trial court erred in denying his motion to dismiss. Chapter 941, part II, contains the Interstate Agreement on Detainers. Section 941.45, article III, governs prisoners’ requests for final dispositions of charges pending in other states. Section (a) provides in pertinent part as follows:
(a) Whenever a person has entered upon a term of imprisonment in a penal or correctional institution of a party state, and whenever during the continuance of the term of imprisonment there is pending in any other party state any untried indictment, information, or complaint on the basis of which a de-tainer has been lodged against the prisoner, he or she shall be brought to trial within 180 days after the prisoner shall have caused to be delivered to the prosecuting officer and the appropriate court of the prosecuting officer’s jurisdiction written notice of the place of his or her imprisonment and the prisoner’s request for a final disposition to be made of the indictment, information, or complaint; provided that, for good cause shown in open court, the prisoner or the prisoner’s counsel being present, the court having jurisdiction of the matter may grant any necessary or reasonable continuance. The request of the prisoner shall be accompanied by a certificate of the appropriate official having custody of the prisoner, stating the term of commitment under which the prisoner is being held, the time already served, the time remaining to be served on the sentence, the amount of good time earned, the time of parole eligibility of the prisoner, and any decisions of the state parole agency relating to the prisoner.
§ 941.45, art. 111(a) (emphasis added).
From this section, we can glean the following. Devine’s first attempt to invoke the IAD was ineffective. It was premature because a detainer had not been lodged against him. See O’Connell v. State, 400 So.2d 136, 137-38 (Fla. 5th DCA 1981) (“[I]n order for the interstate agreement and its speedy trial provisions to apply, a detainer must have been lodged against [the defendant] with the [out-of-state] authorities.”). In addition, as the court noted in its order dismissing the first motion without prejudice, Devine’s “notice of availability” did not suffice as a request for final disposition in the absence of a certificate by the Ohio prison authorities setting forth the required information about Devine’s status. Devine’s pro se notice also failed to comply with article 111(b), which required the written notice and request for final disposition to be promptly forwarded by the Ohio officials “to the appropriate prosecuting official and court by registered or certified mail, return receipt requested.” But see State v. *174 Roberts, 427 So.2d 787, 789 (Fla. 2d DCA 1988) (holding that handwritten forms sent directly by defendant, not by out-of-state prison authorities, substantially complied with IAD).
Thus, the trial court properly dismissed Devine’s first motion to dismiss without prejudice. But all of the foregoing deficiencies were cured when Florida lodged a detainer against Devine and, in September 2010, the Ohio authorities sent the necessary documents to the state attorney’s office and the court. The State has not contended that the documents were in any way deficient; manifestly, they were not.[1]
As required by article 111(a), Devine should have been brought to trial “within 180 days after the prisoner shall have caused to be delivered” the necessary documents to the prosecutor and the court. Measuring from September 7, 2010, the delivery date reflected on the certified mail receipts, Devine should have been brought to trial by March 7, 2011. See Monroe v. State, 978 So.2d 177, 180 (Fla. 2d DCA 2007) (“The period required by the IADA thus began on ... the date that Florida officials received [the defendant’s] request.”). According to the State’s motion to revoke bond filed in the proceedings below, Devine remained in prison in Ohio until August 18, 2011. See State v. Butler, 496 So.2d 916 (Fla. 2d DCA 1986) (noting that the IAD is no longer applicable once a prisoner has been released from incarceration). Therefore, his motion to dismiss filed on March 16, 2011, was well taken.
In short, Devine established that he made a legally sufficient request for final disposition of the pending charge and that it was delivered to the court and prosecutors on September 7, 2010. “The prisoner has the initial burden of making a written request for final disposition, and upon so doing the state has the burden to bring him to trial within 180 days.” State v. Edwards, 509 So.2d 1161, 1163 (Fla. 5th DCA 1987). Having lodged a detainer but failing thereafter to act in the face of the IAD request, the State failed to timely bring Devine to trial. For this reason, Devine was entitled to a dismissal of the Florida burglary charge. Accordingly, we reverse Devine’s conviction and remand for his discharge.
Reversed and remanded for discharge.
SILBERMAN and CRENSHAW, JJ., Concur.

. Neither has the State complained that the Ohio prison officials addressed the court’s copy to "Court Administration” rather than to the clerk of court, albeit to the same street address. (The Ohio officials, who were not parties to the Florida criminal case, understandably may have doubted their authorization to make a filing in the court file associated with the case.) Indeed, the IAD provides that its provisions are to be liberally construed, § 941.45, art. IX, and the courts have recognized that substantial compliance with the IAD procedures is sufficient to invoke a prisoner’s rights thereunder. See, e.g., Roberts, 427 So.2d at 789. The State could not credibly contend that its ability to comply with the IAD was in any way hampered by the manner in which the court’s copy of the documents was addressed, and we have no difficulty concluding that the mailing substantially complied with the requirement that the IAD documents be delivered to the "court.”