**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5549-17T4

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

XZAVIER D. HAYES, a/k/a
DWAYNE HAYES,

     Defendant-Appellant.

_____

Submitted October 24, 2019 – Decided December 5, 2019

Before Judges Alvarez and DeAlmeida.

On appeal from the Superior Court of New Jersey, Law Division, Hudson County, Indictment No. 15-03-0309.

Joseph E. Krakora, Public Defender, attorney for appellant (Suzannah Brown, Designated Counsel, on the brief).

Esther Suarez, Hudson County Prosecutor, attorney for respondent (Erin M. Campbell, Assistant Prosecutor, on the brief).

PER CURIAM

Defendant Xzavier D. Hayes appeals from the June 15, 2018 order of the Law Division denying his petition for post-conviction relief (PCR) without an evidentiary hearing. We reverse and remand.

I.

On March 5, 2013, defendant entered a guilty plea to an accusation alleging one count of third-degree possession of a controlled dangerous substance (CDS) with intent to distribute within 1,000 feet of school property, N.J.S.A. 2C:35-7(a). In exchange for defendant's plea, the State agreed to recommend a five-year sentence with a three-year period of parole ineligibility. Defendant failed to appear for sentencing. A notation in court records from the scheduled sentencing date indicates counsel believed defendant was in federal custody. The court issued a warrant for his arrest.

On December 6, 2013, the prosecutor's office received notice defendant was incarcerated at a federal correctional facility in Pennsylvania, serving a sentence for a parole violation resulting from his arrest on the CDS charge. The notice informed the State defendant had filed a written request pursuant to the Interstate Agreement on Detainers (IAD), N.J.S.A. 2A:159A-1 to -15, for final disposition of the charge to which he had pleaded guilty. According to defendant, the State's receipt of his request triggered a provision of the IAD

requiring the unresolved charge be tried within 180 days or dismissed. N.J.S.A. 2A:159A-3(a).

One hundred and eighty days from December 6, 2013 was June 4, 2014. The June 4, 2014 deadline passed without objection by defendant's counsel or the State.

On January 30, 2015, the trial court granted defendant's motion to vacate his guilty plea with the State's consent. It is not clear if defendant moved to vacate his plea before or after expiration of the June 4, 2014 statutory deadline.

On February 24, 2015, a grand jury indicted defendant, charging him with: third-degree possession of a CDS, N.J.S.A. 2C:35-10(a)(1); third-degree possession of a CDS with intent to distribute, N.J.S.A. 2C:35-5(a)(1); N.J.S.A. 2C:35-5(b)(3); third-degree possession a CDS with intent to distribute within 1,000 feet of school property; N.J.S.A. 2C:35-7; and second-degree possession of a CDS within 500 feet of public property, N.J.S.A. 2C:35-7.1. The charges arose from the same facts supporting the accusation to which defendant previously pleaded guilty.

On May 18, 2015, the trial court held a hearing on the State's request for a 120-day continuance of the time in which to try defendant under the IAD. Defendant's counsel initially objected to the State's request, arguing the statutory

3

period to commence trial had lapsed.[1]  After the trial court found the delay in bringing defendant to trial was the result of defendant's motion to withdraw his guilty plea, defendant's counsel consented to the continuance.

The parties agree that 120 days from May 18, 2015, was September 15, 2015.  The September 15, 2015 deadline passed without objection by defendant's counsel or the State.

Defendant's trial began on January 12, 2016.  A jury found defendant guilty of all counts.  The court sentenced defendant to an aggregate ten-year term of incarceration, with a five-year period of parole ineligibility.

On July 25, 2017, we affirmed defendant's convictions and sentence.  State v. Hayes, No. A-3824-15 (App. Div. July 25, 2017).  Defendant did not file a petition for certification.

---

[1] Defendant's counsel argued the period in which to commence defendant's trial began in February 2014, when defendant arrived at the Hudson County jail from federal custody.  The IAD "establishes two procedures for the transfer of a prisoner in one jurisdiction to the temporary custody of another jurisdiction" for disposition of pending charges.  Johnson v. Cuyler, 535 F. Supp. 466, 473 (E.D. Pa. 1982).  One procedure begins on the request of the prisoner and the other on the request of the jurisdiction seeking temporary custody.  Ibid.  In the first instance, trial must begin within 180 days of delivery of the prisoner's written request for a final disposition of pending charges to the prosecuting authority.  N.J.S.A. 2A:159A-3(a).  In the latter instance, trial must commence within 120 days of the prisoner's arrival in the custody of the prosecuting jurisdiction.  N.J.S.A. 2A:159A-4(c).  Here, a 180-day period was triggered by delivery of defendant's written request to the prosecutor's office on December 6, 2013.

A-5549-17T4

Defendant subsequently filed a petition for PCR. He argued, among other things, he was denied the effective assistance of counsel because his trial counsel: (1) failed to seek dismissal of the charges against him under the IAD after expiration of the initial 180-day period; (2) agreed to the State's request for a 120-day continuance without consulting defendant; and (3) failed to seek dismissal of the charges against him under the IAD after expiration of the 120-day continuance.

On June 14, 2018, the trial court issued an oral opinion on defendant's petition. The court found both the initial 180-day period and the 120-day continuance expired before the start of defendant's trial. However, when determining whether defendant had made a prima facie showing of ineffective assistance of counsel, the court focused only on the period between May 18, 2015, when the court granted the 120-day continuance, and January 12, 2016, the day defendant's trial started. The court found during that period defendant filed a motion for a bail hearing, which delayed the start of his trial, and that the court had "without an order, presumably, allowed for [a] continuance so that defendant could appeal his drug court rejection." The court did not make specific findings with respect to when defendant made various applications to the court or the length of the delay attributable to those applications. The court

reasoned, however, because the delays benefitted defendant, he did not make a prima facie showing his counsel was ineffective for not moving to dismiss the indictment under the IAD. Thus, the court concluded, an evidentiary hearing was not warranted. The court did not address defendant's argument his counsel was ineffective for not moving to dismiss after expiration of the 180-day period or for consenting to the 120-day continuance.

This appeal followed. Defendant makes the following argument for our consideration:

> THE PCR COURT ERRED IN FAILING TO HOLD AN EVIDENTIARY HEARING ON MR. HAYES'S CLAIM THAT TRIAL COUNSEL PROVIDED HIM WITH INEFFECTIVE ASSISTANCE OF COUNSEL BY FAILING TO MOVE TO DISMISS THE INDICTMENT PURSUANT TO THE INTERSTATE AGREEMENT ON DETAINERS.[2]

## II.

"Post-conviction relief is New Jersey's analogue to the federal writ of habeas corpus." State v. Preciose, 129 N.J. 451, 459 (1992). Under Rule 3:22-

---

[2] Defendant raised several other issues in his PCR petition that are not addressed in his brief. We deem those issues waived. See Pressler & Verniero, Current N.J. Court Rules, cmt. 5 on R. 2:6-2 (2019) ("[A]n issue not briefed is deemed waived."); Telebright Corp. v. Dir., N.J. Div. of Taxation, 424 N.J. Super. 384, 393 (App. Div. 2012) (deeming a contention waived when the party failed to include any arguments supporting the contention in its brief).

2(a), a defendant is entitled to post-conviction relief if there was a "[s]ubstantial denial in the conviction proceedings of defendant's rights under the Constitution of the United States or the Constitution or laws of the State . . . ." "A petitioner must establish the right to such relief by a preponderance of the credible evidence." Preciose, 129 N.J. at 459. "To sustain that burden, specific facts" that "provide the court with an adequate basis on which to rest its decision" must be articulated. State v. Mitchell, 126 N.J. 565, 579 (1992).

A hearing on a PCR petition is required only when: (1) a defendant establishes a prima facie case in support of PCR; (2) the court determines there are disputed issues of material fact that cannot be resolved by review of the existing record; and (3) the court determines an evidentiary hearing is required to resolve the claims asserted. State v. Porter, 216 N.J. 343, 354 (2013) (citing R. 3:22-10(b)). "A prima facie case is established when a defendant demonstrates 'a reasonable likelihood that his or her claim, viewing the facts alleged in the light most favorable to the defendant, will ultimately succeed on the merits.'" Id. at 355 (quoting R. 3:22-10(b)).

We review the legal conclusions of a PCR court de novo. State v. Harris, 181 N.J. 391, 419 (2004). Where an evidentiary hearing has not been held, it is within our authority "to conduct a de novo review of both the factual findings

and legal conclusions of the PCR court . . . ." Id. at 421. We review a judge's decision to deny a PCR petition without an evidentiary hearing for abuse of discretion. Preciose, 129 N.J. at 462.

The Sixth Amendment to the United States Constitution and Article I, Paragraph 10 of the New Jersey Constitution guarantee criminal defendants the right to effective assistance of counsel. State v. O'Neil, 219 N.J. 598, 610 (2014) (citing Strickland v. Washington, 466 U.S. 668, 686 (1984); State v. Fritz, 105 N.J. 42, 58 (1987)). To succeed on a claim of ineffective assistance of counsel, the defendant must meet the two-part test established by Strickland and adopted by our Supreme Court in Fritz. 466 U.S. at 687; 105 N.J. at 58.

Under Strickland, a defendant first must show his or her attorney made errors "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." 466 U.S. at 687. Counsel's performance is deficient if it "[falls] below an objective standard of reasonableness." Id. at 688.

A defendant also must show counsel's "deficient performance prejudiced the defense." Id. at 687. A defendant must establish "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. "A reasonable probability

is a probability sufficient to undermine confidence in the outcome" of the trial. Ibid.

After carefully reviewing the record in light of the applicable legal principles, we conclude the trial court abused its discretion by denying defendant's PCR petition without holding an evidentiary hearing. Our review revealed two unresolved factual issues pertinent to whether, and to what extent, the IAD applies in this matter: (1) whether the State issued a detainer against defendant; and (2) whether defendant completed his federal custodial sentence before the start of his State trial.

In addition, if the IAD does apply, defendant made a prima facie showing his counsel was ineffective: (1) by failing to seek dismissal of the indictment on expiration of the initial 180-day period; (2) by consenting to the 120-day continuance without consulting defendant; and (3) by failing to seek dismissal of the indictment on expiration of the 120-day continuance.

We address these issues in turn. The IAD expressly provides its terms apply when a prisoner requests resolution of "any untried indictment, information or complaint on the basis of which a detainer has been lodged against the prisoner . . . ." N.J.S.A. 2A:159A-3(a). We have held the filing of a detainer is a mandatory perquisite for triggering the IAD's statutory

timeframes. State v. Baker, 400 N.J. Super. 28, 40 (App. Div. 2008); State v. Burnett, 351 N.J. Super. 222, 226 (App. Div. 2002). There is no evidence in the record the State issued a detainer for the unresolved charges against defendant. A court record indicates a bench warrant was issued after defendant failed to appear for sentencing. A bench warrant, however, is not "a request filed by a criminal justice agency with the institution in which a prisoner is incarcerated, asking the institution either to hold the prisoner for the agency or to notify the agency when release of the prisoner is imminent[,]" necessary to trigger the IAD. Burnett, 351 N.J. Super at 226 (quoting Carchman v. Nash, 473 U.S. 716, 719 (1985)). If, on remand, the court finds the State did not issue a detainer against defendant, the State was not subject to the timeframes established in the IAD and defendant's claims of ineffective assistance of counsel would be obviated.

In addition, at the May 18, 2015 hearing, counsel suggested defendant was to complete the custodial aspect of his federal sentence on June 28, 2015. It is necessary on remand for the trial court to determine if defendant completed the custodial aspect of his federal sentence prior to the start of his State trial because the protections of the IAD "are for the benefit of persons serving a 'term of imprisonment' and no longer apply after the term of imprisonment" once the

10

sending jurisdiction's sentence ends.  State v. Rodriguez, 239 N.J. Super. 455, 458 (App. Div. 1990).  Thus, if the court finds defendant completed the custodial aspect of his federal sentence while in State custody, any claims of ineffective assistance relating to the period after completion of defendant's federal custodial sentence would be obviated.

If the trial court determines the IAD is applicable to any period at issue here, an evidentiary hearing is necessary to determine the extent to which the start of defendant's trial was delayed as a result of applications defendant made to the court for his benefit and whether his counsel was ineffective for: (1) not moving to dismiss the charges against defendant (a) after expiration of the initial 180-day period and before the State's application for a 120-day continuance; or (b) after expiration of the 120-day continuance and before the start of defendant's trial; or (2) consenting to entry of the 120-day continuance without consulting defendant.  The trial court analysis, of course, will necessarily include a determination of whether any application by defendant's counsel to dismiss the indictment would have been successful.

We note although the trial court assumed after expiration of the 120-day continuance a further continuance was granted without issuance of an order, the IAD provides that the trial court may grant "any necessary or reasonable

11

continuance . . . for good cause shown in open court [with] the prisoner or his counsel being present . . . ." N.J.S.A. 2A:159A-3(a). The trial court must examine whether, in light of this explicit provision of the IAD, defendant's counsel was ineffective for not moving to dismiss the indictment, given the absence of a court order issued after a hearing at any point after expiration of the 120-day continuance.

Reversed and remanded for an evidentiary hearing consistent with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5549-17T4